UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA          Crim. No. 3:19cr65(VLB)

v.

ROBERT HALL                     November 23, 2020

<u>GOVERNMENT'S OPPOSITION TO DEFENDANT'S PRETRIAL MOTIONS</u>

The Government respectfully submits this omnibus opposition to defendant Robert Hall's pretrial motions.

## BRIEF FACTUAL AND PROCEDURAL OVERVIEW

On March 5, 2019, a federal grand jury returned an Indictment against defendant Hall and his twelve co-defendants. Doc. 21. Defendant Hall is charged with conspiracy to possess with intent to distribute, and to possess with intent to distribute, 500 grams or more of cocaine, 28 grams or more of cocaine base, and an unspecified amount of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 841(b)(1)(C), and 846 (Count One). *Id.*

On March 18, 2020, the grand jury returned a Superseding Indictment against defendant Hall and his remaining four co-defendants. The Superseding Indictment added an enhancement provision for co-defendant Kareem Swinton's prior federal narcotics conviction. Doc. 348. The charges against defendant Hall remained the same as in the original indictment. *Id.*

On October 6, 2020, the Court held a hearing regarding defendant Hall's motion to proceed *pro se* [Doc. 471, 485] and subsequently granted his request to

1

extend the deadline for pretrial motions [Doc. 498]. Through counsel, defendant Hall has filed three pretrial motions.[1]  Doc. 499, 506, 507. Jury selection in this matter is presently scheduled for January 19, 2021. Doc. 435.

**ARGUMENT**

Defendant Hall seeks 1) a bill of particulars [Doc 499]; 2) severance from his codefendants [Doc. 506]; and 3) dismissal of the Superseding Indictment [Doc. 507]. The Government submits that each motion should be denied and will address each argument below.

1. **A BILL OF PARTICULARS IS UNNECESSARY AND UNWARRANTED**

    *A. Legal Requirements for an Indictment Under Fed. R. Crim. P. 7.*

    An "indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). "It is well-established that '[a]n indictment is sufficient when it charges a crime with sufficient precision to inform the defendant of the charges he must meet and with enough detail that he may plead double jeopardy in a future prosecution based on the same events.'" *United States v. Walsh*, 194 F.3d 37, 44 (2d Cir. 1999)) (quoting *United States v. Stavroulakis*, 952 F.2d 686, 693 (2d Cir. 1999)*; see*

---

1  Attached to Doc. 507 are several motions that, based upon the October 6, 2020 hearing, appear to be *pro se* filings that the defendant's counsel has filed so that the motions can be preserved as part of the record but are not submitted to the Court for a ruling. Accordingly, the Government has not responded to the attachments in Doc. 507 and respectfully requests the opportunity to respond if the *pro se* motions have been submitted to the Court for a ruling or the Court otherwise requests a response from the Government to *pro se* motions filed by a defendant represented by counsel.

*also United States v. Alfonso*, 143 F.3d 772, 776 (2d Cir. 1998) (citing *Hamling v. United States*, 418 U.S. 87, 117 (1974)). "An indictment, however, need not be perfect, and common sense and reason are more important than technicalities." *United States v. De La Pava*, 268 F.3d 157, 162 (2d Cir. 2001); *see also United States v. Goodwin*, 141 F.3d 394, 401 (2d Cir. 1997) ("[T]he precision and detail formerly demanded are no longer required, imperfections of form that are not prejudicial are disregarded, and common sense and reason prevail over technicalities.").

A request for a bill of particulars is appropriately granted only where necessary to inform a defendant of the charges against him with sufficient precision to enable him to prepare his defense; to avoid or minimize the danger of surprise at trial; or to enable him to plead his acquittal or conviction in bar of further prosecution for the same offense when the indictment itself is too vague for such purposes. *See Wong Tai v. United States*, 273 U.S. 77, 82 (1927); *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987); *United States v. Chestnut*, 533 F.2d 40, 45 (2d Cir. 1976); *United States v. Young & Rubicam*, 741 F. Supp. 334, 349 (D. Conn. 1990).

The inquiry is not whether the information sought would be useful to the defendant, but instead whether it is necessary to the defense. *See United States v. Guerrerio*, 670 F. Supp. 1215, 1224 (S.D.N.Y. 1987). A bill of particulars is not a device for discovery or one by which the government is required to state its legal or evidentiary theory as to how a defendant committed specific criminal acts. *See*

3

*United States v. Gottlieb*, 493 F.2d 987, 994 (2d Cir. 1974). Furthermore, because a bill of particulars "confines the Government's proof to the particulars furnished, requests for a bill of particulars should not be granted where the consequence would be to restrict unduly the Government's ability to present its case." *United States v. Feola*, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987), aff'd without opinion, 875 F.2d 857 (2d Cir. 1989). The decision to grant a request for a bill of particulars rests within the sound discretion of the district court. *See Walsh*, 197 F.3d at 47.

Furthermore, "in an indictment for conspiring to commit an offense - in which the conspiracy is the gist of the crime – it is not necessary to allege with technical precision all the elements essential to the commission of the offense which is the object of the conspiracy." *United States v. LaSpina*, 299 F.3d 165, 177 (2d Cir. 2002) (quoting *United States v. Wydermyer*, 51 F.3d 319, 325 (2d Cir. 1995)). "Thus, to prevail on . . . [a] claim that the conspiracy count was insufficient, . . . [a defendant] 'must show that the indictment, liberally construed, was not sufficient to identify the offense which . . . [the defendant] conspired to commit.'" *Id.* (quoting *Wydermyer*, 51 F.3d at 226).

The Second Circuit has consistently held that indictments need only "track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." *LaSpina*, 299 F.3d at 177 (internal quotation marks and citations omitted); *see also Hamling,* 418 U.S. at 117 ("It is generally sufficient that an indictment set forth the offense in the words of the statute itself."). In *United States v. Barnes*, 158 F.3d 662, 664-65 (2d Cir. 1998), the Second Circuit

4

held that the district court did not abuse its discretion in denying a motion for a bill of particulars where the indictment charged the defendant with a narcotics conspiracy count that alleged the elements of the crime but did not set forth specific overt acts. *See id*. The Second Circuit held that the district court "has the discretion to deny a bill of particulars if the information sought is provided in the indictment or in some acceptable alternate form." *Id.* at 665 (citing *Bortnovsky*, 820 F.2d at 574).

Similarly, in *United States v. Torres*, 901 F.2d 205, 233-34 (2d Cir. 1990), the Second Circuit affirmed the district court's denial of a bill of particulars seeking, among other things, the names of the co-conspirators in a narcotics conspiracy. There, the Second Circuit observed that the indictment adequately advised the defendant of the charged offenses, and that the defendant had received from the government a "wealth of evidentiary detail," including electronic intercepts, search evidence, supporting affidavits, and arrest and incident reports. *See id.*; *see also Feola*, 651 F. Supp. at 1132 ("It is well settled that defendants need not know the means by which it is claimed they performed acts in furtherance of the [narcotics] conspiracy nor the evidence which the Government intends to adduce to prove their criminal acts. Details as to how and when the conspiracy was formed, or when each participant entered it, need not be revealed before trial."); *United States v. Porter*, No. 06-19557CR, 2007 WL 4103679, at *1 (2d Cir. Nov. 19, 2007) ("The Government provided [the defendant] with pretrial discovery that included detailed information about where, when, and by whom the Government

would seek to prove the drugs were distributed."); *United States v. Deas*, No. 3:07CR73(CFD), 2008 WL 5063903, at *3 (D. Conn. Nov. 24, 2008) ("[A]s the government can prove the existence of a conspiracy through circumstantial evidence, a Bill of Particulars comprised of very specific details is not required for a drug trafficking conspiracy charge."); *United States v. Paris*, No. 3:06CR64(CFD), 2007WL1158117, at *1 (D. Conn. Apr. 18, 2007) ("Even if the indictment does not fully give notice of the charges, a bill of particulars is still not necessary if the government provides the required notice in some acceptable alternative form.") (internal citations and quotations omitted).

### B.  The Superseding Indictment Comports with Rule 7 and Due Process

In the instant matter, the defendant moves this Court for an order directing the Government to particularize "the time, place and date the defendant became a member of the conspiracy," specify any overt acts pertaining to knowledge or intent as well as overt acts performed by the defendant in furtherance of the conspiracy, and detail the conduct that established the charged narcotics quantities. Doc. 499, Def. Mot. Page 1-2. He, however, has failed to offer the Court a sufficient basis to conclude that the request is necessary, particularly in light of the discovery produced and the nature of the charged conduct.

To begin, defendant Hall has received discovery that is more than adequate to apprise him of the narcotics conspiracy charge, minimize the danger of unfair surprise, and protect his rights under the Double Jeopardy Clause. *See Bortnovsky*, 820 F.2d 572, 574. Defendant Hall has received discovery consisting

of law enforcement reports detailing surveillance by investigators and controlled purchases of narcotics from certain defendants, Title III applications, affidavits and orders, and pertinent intercepted wire and electronic communications, including line sheets. Despite the discovery provided, defendant Hall fails to offer any explanation as to why the discovery provided is insufficient to address his concerns. Defendant Hall has not claimed that discovery has been massive, that it has obscured the particulars of the single charge against him or disabled him from understanding the nature of the charge. Instead he relies solely on boilerplate assertions regarding a large-scale narcotics trafficking case and a lack of substantive counts. Given the discovery in this matter and the relatively straightforward nature of the evidence against defendant Hall, the discovery provided is more than adequate to alleviate his professed concerns regarding the charges against him.

Furthermore, undersigned counsel has been responsive to all inquiries from defense counsels in this matter regarding discovery, including inquires requesting examples of evidence that supports the quantity calculations in the charging document. For instance, with respect to defendant Hall, the Government has indicated it believes a call (identified by date, session number, and participants) supports a finding that defendant Hall's direct involvement in the conspiracy pertained to 2.5 kilograms of cocaine, and that the quantity is further increased by additional communications. The Government has also disclosed that it intends to call a cooperator who purchased cocaine and cocaine base

7

directly from defendant Hall to testify at trial regarding the narcotic transactions as well as to identify defendant Hall's voice in the audio intercepts and defendant Hall's cellular telephone number. Such information is specific to defendant Hall as well as insightful information into the nature of the evidence the Government intends to introduce at trial to meet its burden.

Additionally, the Government initially charged this matter by way of criminal complaints that were supported by two affidavits totaling 170 pages.[2] The affidavits-which are searchable, were provided in discovery, and are available on the public docket-outlined numerous intercepted communications involving defendant Hall and his co-conspirators as well as surveillance and other evidence connecting coconspirators to locations from which narcotics, narcotics proceeds, and a firearm were ultimately seized. While the affidavits are a sampling of the evidence against the defendants, the affidavits contain intercepted communications organized by defendant together with the case agent's interpretation of the communications, making such information exceedingly useful in understanding and appreciating the nature of the

---

[2] **In support of defendant Swinton's initial arrests in this matter, the Government filed a 42-page affidavit outlining the evidence supporting the charges. Docket, 3:19mj310(WIG), Doc.1. The Government also submitted a 128-page affidavit in support of the arrest of his twelve co-defendants, including defendant Hall, which provided additional evidence supporting not only each defendant's involvement in the conspiracy, but defendant Swinton's role as the organization's leader. Doc. 96. Due to severe weather in Baltimore, Maryland, law enforcement realized they would have to delay arresting defendant Swinton one day past the date they were scheduled to arrest his codefendants in Connecticut. Accordingly, two affidavits were submitted, one pertaining to defendant Swinton specifically and one in which defendant Swinton was referred to as "Source#1."**

Government's evidence against each of the defendants as well as acts committed in furtherance of the conspiracy.

For all these reasons, defendant Hall has received information that is more than adequate to apprise him of the narcotics conspiracy charge, minimize the danger of unfair surprise, and protect his rights under the Double Jeopardy Clause. Accordingly, his motion for a bill of particulars should be denied.

2.  **THE PARTIES ARE PROPERLY JOINED GIVEN THE NATURE OF THE EVIDENCE AND THE CHARGE**

The Supreme Court has observed that there is a preference in the federal system for joint trials of defendants who are indicted together. Joint trials play a vital role in the criminal justice system. They promote efficiency, and they serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts. *Zafiro v. United States*, 506 U.S. 534, 537 (1993). *See also United States v. Hernandez*, 85 F.3d 1023, 1029 (2d Cir. 1996). Generally, persons indicted together should be tried together, *United States v. Beverly*, 5 F.3d 633 (2d Cir. 1993), particularly where the crime arises out of the same act or includes a common plan. *See United States v. Girard*, 601 F.2d 69, 72 (2d Cir.), cert. denied, 444 U.S. 871 (1979).

Rule 8(b) of the Federal Rules of Criminal Procedure provides in relevant part that defendants in a criminal case may be joined in the same indictment "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Rule 8(b) reflects a policy determination that the economy and efficiency of joinder

9

outweighs possible unfairness to a defendant in certain circumstances. *United States v. Turoff*, 853 F.2d 1037, 1042 (2d Cir. 1988); *United States v. Orena*, 986 F.2d 628, 631 (2d Cir. 1993) (stating that the government may properly employ joint trials "as a means of economizing judicial and other resources"). Consistent with this rule, the Second Circuit has recognized a "preference in the federal system for joint trials of defendants who are indicted together." *United States v. Blount*, 291 F.3d 201, 208–209 (2d Cir. 2002) (quoting *Zafiro v. United States*, 506 U.S. 534, 537 (1993)).

The Supreme Court has also recognized the hardship separate trials covering the same series of events causes on witnesses as well as the Government, noting that requiring "prosecutors [to] bring separate proceedings, presenting the same evidence again and again, requiring victims and witnesses to repeat the inconvenience (and sometimes trauma) of testifying, and randomly favoring the last-tried defendants who have the advantage of knowing the prosecution's case beforehand" are all disadvantages of multiple trials. *Richardson v. Marsh*, 481 U.S. 200, 210 (1987).

As noted above, for joinder to be proper under Rule 8(b), the acts in which the defendants are alleged to have participated (1) must arise under a common plan or scheme or (2) be unified by a substantial identity of facts or participants. *United States v. Attanasio*, 870 F.2d 809, 815 (2d Cir. 1989), quoted by *United States v. Cervone*, 907 F.2d 332, 341 (2d Cir. 1990). Under this standard, the mere allegation of a conspiracy presumptively satisfies Rule 8(b) as the allegation

implies that the defendants engaged in the same series of acts or transactions constituting an offense. *United States v. Friedman*, 854 F.2d 535, 561 (2d Cir. 1988); *see also United States v. Nerlinger*, 862 F.2d 967, 973 (2d Cir. 1988) ("The established rule is that a non-frivolous conspiracy charge is sufficient to support joinder of defendants under Fed. R. Crim. P. 8(b).").

Where joinder is proper, a defendant's case may be severed from his codefendants' if there is sufficient prejudice. *See Zafiro*, 506 U.S. at 538. Fed. R. Crim. P. 14 provides in part:

> If it appears that a defendant or the government is prejudiced by a joinder of . . . defendants . . . , the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.

When defendants are properly joined in an indictment, "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. The fact that a defendant may be prejudiced by a joint trial is not enough to require severance. *United States v. Diaz*, 176 F.3d 52, 104 (2d Cir. 1999). "Rather, the tailoring of the relief to be granted, if any, is left to the district court's sound discretion." *Id.* (internal quotation marks and citations omitted). "[E]ven where the risk of prejudice is high, measures less drastic than severance, such as limiting instructions, will often suffice to cure any risk of prejudice." *Id.* (internal quotation marks and citations omitted). "[T]he decision whether to grant a severance is committed to the sound discretion of the trial court and is virtually unreviewable"

11

on appeal. *United States v. Zackson*, 6 F.3d 911, 922 (2d Cir. 1993) (internal quotation marks and citations omitted).

"[I]t is well settled that defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials." *Zafiro*, 506 U.S. at 540. The Second Circuit has squarely held that severance is not required where codefendants are being tried for crimes not committed by the defendant (*United States v. Hernandez*, 85 F.3d 1023, 1029 (2d Cir. 1996)); where codefendants have mutually antagonistic defenses (*United States v. Harwood*, 998 F.2d 91, 95-96 (2d Cir. 1993)); or where joinder causes a lengthy trial containing complex factual and legal issues (*Diaz*, 176 F.3d at 104-05; *United States v. Locascio*, 6 F.3d 924, 947 (2d Cir. 1993)). Likewise, the Second Circuit "has repeatedly recognized that joint trials involving defendants who are only marginally involved alongside those heavily involved are constitutionally permissible." *Locascio*, 6 F.3d at 947.

Consistent with *Zafiro*, the Second Circuit has held that a defendant is not entitled to severance of his trial from that of a codefendant simply because the evidence against the codefendant is far more damaging than the evidence against him. *See e.g. United States v. Cardascia*, 951 F.2d 474, 483 (2d Cir. 1991); *United States v. Chang An-Lo*, 851 F.2d 547, 556 (2d Cir.), cert. denied, 488 U.S. 966 (1988); *United States v. United States v. Ciambrone*, 787 F.2d 799, 811 (2d Cir. 1986), cert. denied, 479 U.S. 1017 (1987); *United States v. Carson*, 702 F.2d 351 (2d Cir.), cert. denied, 462 U.S. 1108 (1983). Nor is severance warranted by "the fact

that in a joint trial there will be evidence against one defendant which is not evidence against another defendant ....” *Hanger v. United States*, 398 F.2d 91, 100 (8th Cir. 1968), cert. denied, 393 U.S. 1119 (1969) (quoting *Rizzo v. United States*, 304 F.2d 810, 818 (8th Cir.), cert. denied, 371 U.S. 890 (1962).

Similarly, when a claim of spill-over prejudice is raised, the issue is whether the jury can keep separate the evidence presented against each defendant to render a fair and impartial verdict. Among the factors considered in determining whether a jury could keep the evidence separate as to each defendant are the following: (1) whether the evidence to be presented at the joint trial would be admissible in a single defendant trial; (2) whether the court can properly instruct the jury to keep the evidence separate as to each defendant; and (3) whether the jury actually evaluated the evidence and rendered independent verdicts. *See United States v. Casamento*, 887 F.2d at 1153; *United States v. Villegas*, 899 F.2d 1324, 1347 (2d Cir.), cert. denied, 498 U.S. 991 (1990). The Second Circuit has repeatedly held that a trial court can carefully instruct the jury in a way to avoid the possibility of spill-over prejudice. *See United States v. Villegas*, 899 F.2d at 1347; *United States v. Pisani*, 590 F. Supp. at 1346; *United States v. Chang An-Lo*, 851 F.2d at 556.

In the instant matter, defendant Hall asks the Court to sever individuals named in a single conspiracy count. The essence of the defendant's argument is that there is no evidence that he “interacted with, for criminal purposes or otherwise, some of the other individuals named in the Indictment.” Doc. 506, Def.

Mot. at 3. This assertion is neither correct nor sufficient to meet the defendant's burden.

To begin, as cited above, this is inconsistent with controlling precedent as the charge involves a single conspiracy. *See e.g. Friedman*, 854 F.2d at 561; *Nerlinger*, 862 F.2d at 973. Moreover, the Second Circuit has gone one step further, expressly rejecting the argument that joinder involving conspiracies that are different in terms of time and membership is inappropriate. In *United States v. Rittweger*, 524 F.3d 171 (2d Cir. 2008),the defendants argued that joinder was inappropriate because the defendants were members of distinct conspiracies that were not and could not have been charged as a single conspiracy because they were different in terms of time and membership. *Id.* at 178. In rejecting this argument, the Second Circuit emphasized that Rule 8(b) is "a 'common sense rule' to decide whether, in light of the factual overlap among charges, joint proceedings would produce sufficient efficiencies such that joinder is proper notwithstanding the possibility of prejudice to [any of the defendants] resulting from the joinder." *Id.* at 177 (quoting *Shellef*, 507 F.3d at 96). It permits the joinder of co-defendants even where neither defendant is charged in the conspiracy count or counts naming the other defendant so long as the "criminal acts are 'unified by some substantial identity of facts or participants,' or 'arise out of a common plan or scheme.'" *Id.* (quoting *United States v. Cervone*, 907 F.2d 332, 341 (2d Cir. 1990)).

14

Additionally, the defendant's motion lacks merit because it ignores the overlapping nature of the evidence that will be presented against the remaining defendants. In the instant matter, joinder is appropriate because the narcotics trafficking activities are inextricably intertwined. This is not even a case involving separate related conspiracies; Count One charges a single conspiracy. Indeed most of the acts in furtherance of the conspiracy stem from a single narcotics source charged in the indictment-Kareem Swinton-a codefendant whose communications were intercepted and with whom defendant Hall spoke numerous times. Thus, the defendants are properly joined in a single count that is unified by a substantial identity of the facts as well as a count that arises under a common plan or scheme.

Indeed, the Government intends to establish that each of the co-defendants and participants in the intercepted communications were part of the same narcotics conspiracy. On this basis, the Government intends to introduce intercepted communications as substantive evidence against defendant Hall, irrespective of whether the communications involve defendant Hall or whether the participants in the communications are being tried along with defendant Hall. There can be no reasonable claim of spillover prejudice regarding this evidence as such evidence (communications involving coconspirators made in furtherance of the charged conspiracy) is substantive, admissible evidence against defendant Hall. Thus, joinder is appropriate as this is a case in which the evidence to be presented at the joint trial would be admissible in a single defendant trial.

15

The Government also intends to offer evidence of intercepted communications between defendant Hall and several of the charged coconspirators, notably codefendant Swinton who is also still proceeding to trial and is the leader of the organization. The Government intends to offer phone records and text messages directly linking him to codefendant Swinton, other coconspirators, and the drug conspiracy with which they are charged. Further, the Government intends to present additional evidence to the jury regarding defendant Hall's direct participation in the drug conspiracy, including cooperator testimony regarding defendant Hall's distribution of narcotics as a member of the conspiracy. Therefore, in assessing defendant Hall's alleged liability for narcotics conspiracy, the jury will have direct evidence tied to defendant Hall to evaluate in determining his guilt or lack of guilt. Thus, joinder is proper as there is little concern that the jury will fail to evaluate the evidence and render independent verdicts.

Given the evidence in this case, there is also no danger that a jury would conclude that defendant Hall participated in a narcotics conspiracy simply because defendant Hall spoke to some of his codefendants or because some of his codefendants spoke to others in the conspiracy. Indeed the Court can take precautionary measures to ensure that there is no such danger. The jury can be instructed that it can only consider the evidence offered as defendant Hall's involvement in the narcotics conspiracy in determining his guilt on that charge.

The Court can do so through limiting instructions during the trial and through its jury instructions at the conclusion of evidence.

Accordingly, for all of the foregoing reasons, the parties are properly joined and the Court should deny the defendant's motion to sever.

3. **THE INDICTMENT PROPERLY CHARGES THE DEFENDANT WITH THE PENALTIES FOR THE NARCOTICS CONSPIRACY**

Lastly, defendant Hall asserts that "'bootstrapping' 21 U.S.C. § 841's penalty provision to a conspiracy charge to aggregate quantity via principles of conspiratorial liability for the purposes of sentencing enhancement is contrary to principles of statutory construction and Congressional intent," and thus, the Superseding Indictment should be dismissed. Doc. 507, Def. Mot. At 7 (internal citation omitted). The Court should reject the defendant's argument as wholly without merit.

In the instant matter, defendant Hall is charged with conspiracy to possess with intent to distribute, and to possess with intent to distribute, 500 grams or more of cocaine, 28 grams or more of cocaine base, and an unspecified amount of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 841(b)(1)(C), and 846. Doc. 348. Section 846 of Title 21 states:

> Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

21 U.S.C. § 846 (2019).

Here, defendant Hall is alleged to have conspired to commit the offense of narcotics distribution, charged in Subchapter I, Part D of the Comprehensive Drug Abuse Prevention and Control Act as stated in Section 841(a)(1), which provides:

> [I]t shall be unlawful for any person knowingly or intentionally to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance.

21 U.S.C. § 841(a)(1).

The penalties for this offense are set forth in Section 841(b)(1)(B) and 841(b)(1)(C), which provide specific penalties depending on the type and quantity of narcotic involved in the offense. *See* 21 U.S.C. §§ 841(b)(1)(B)(ii)(I), 841(b)(1)(B)(iii); and 841(b)(1)(C). Thus, based on unambiguous statutory language, the penalties for conspiring to commit a narcotics offense (as charged in Section 846) are the same as the penalties for the substantive narcotics offense (as specified in 841(b)(1)). As to this issue, Congress' intent was clear: "[A]ny penalty that may be imposed for a substantive drug offense may be imposed for [a] conspiracy to commit that offense." *United States v. Montoya*, 891 F.2d 1273, 1293 (7th Cir.1989) (citing 134 Cong. Rec. S17, 366 (daily ed. Nov. 10, 1988) (section-by-section analysis of H.R. 5210, 100th Cong., 2d Sess.)). *United States v. Montoya*, 891 F.2d 1273, 1293 (7th Cir.1989).) Indeed "Congress amended section 846 to clarify that special penalty provisions such as mandatory minimum sentences and special parole terms imposable for substantive

18

narcotics offenses are also applicable under this section." *Montoya*, 891 F.2d at 1293.

Notwithstanding the unambiguous statutory text, the defendant seeks to circumvent the applicable penalty provision by in essence arguing that because drug quantities for substantive narcotics offenses cannot be aggregated for the purposes of triggering a specific penalty provision in Section 841(b)(1), neither may the drug quantities involved in a narcotics conspiracy. This argument, however, fails to appreciate the ongoing, aggregate nature of a conspiracy that is readily distinguishable from discrete, single acts charged in substantive narcotics counts. *See e.g. United States v. Pressley*, 469 F.3d 63, 65 (2d Cir. 2006) ("Simply put, a conspiracy is a single violation. It is an illegal agreement that may, and often does, encompass an array of substantive illegal acts carried out in furtherance of the overall scheme."); *United States v. Williams*, 974 F.3d 320, 364 (3rd Cir. 2020); *United States v. Gori*, 324 F.3d 234, 237 (3d Cir. 2003) (finding that conspiring to distribute narcotics in violation of Section 841(a) multiple times can constitute a single conspiracy in violation of Section 846); *United States v. Broce*, 488 U.S. 563, 570–71, (1989) ("A single agreement to commit several crimes constitutes one conspiracy."); *Braverman v. United States*, 317 U.S. 49, 52 (1942) (reasoning that the "agreement to commit an offense does not become several conspiracies because it continues over a period of time.").

Perhaps most significantly, defendant Hall's argument is contrary to controlling precedent. As the Second Circuit unambiguously held in U*nited States v. Pressley*:

> Because a conspiracy is a single, unified offense, it constitutes "a violation" for the purposes of § 841(b). Further, with respect to sentencing any given member of the conspiracy pursuant to § 841(b), the violation "involv[es]" the aggregate quantity of all the subsidiary transactions attributable to that particular member.

469 F.3d at 66. The Second Circuit went on to note that its decision was consistent with other jurisdictions, Congressional intent, and its prior holdings that aggregation of drug quantities was improper for substantive offenses. *Id.* Indeed even the defendant acknowledges the uncontrivable law that a conspiracy is viewed as a single, unified offense." Doc. 507, Def. Mot, page 7 (citing *United States v. Pressley*, 469 F.3d 63, 66 (2d Cir. 2006). Despite this acknowledgment, however, the defendant requests that the Court make a finding contrary to statutory language, legislative intent, and case law. It is presumably for this reason that the defendant fails to cite a single source that supports his argument.

In the instant matter, the Superseding Indictment appropriately charges defendant Hall with being a member of a narcotics conspiracy involving quantities of cocaine and cocaine base that were reasonably foreseeable to defendant Hall during time period the conspiracy was ongoing. As the charge is supported by statute, legislative intent, and controlling precedent, the Court should deny the defendant's motion to dismiss the indictment.

20

**<u>CONCLUSION</u>**

For the reasons stated above, the Government requests that the Court

deny defendant Hall's pretrial motions.

Respectfully submitted,

JOHN H. DURHAM
UNITED STATES ATTORNEY

/s/
NATASHA M. FREISMUTH
ASSISTANT UNITED STATES ATTORNEY
FEDERAL BAR NO. PHV05772
157 CHURCH STREET, FLOOR 25
NEW HAVEN, CT 06510
203-821-3700

21

## CERTIFICATE OF SERVICE

I hereby certify that on November 23, 2020, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.   Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.   Parties may access this filing through the Court's CM/ECF System.

/s/

_____
NATASHA M. FREISMUTH
ASSISTANT UNITED STATES ATTORNEY

22