UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Crim. No. 3:19cr65(VLB) |
| **v.** | |
| **ROBERT HALL** | December 2, 2020 |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S PRO SE PRETRIAL MOTIONS**

The Government respectfully submits this omnibus opposition to defendant Robert Hall's *pro se* pretrial motions [Doc. 524, 525, 526, 527].

**BRIEF FACTUAL AND PROCEDURAL OVERVIEW**

On March 5, 2019, a federal grand jury returned an Indictment against defendant Hall and his twelve co-defendants. Doc. 21. Defendant Hall is charged with conspiracy to possess with intent to distribute, and to possess with intent to distribute, 500 grams or more of cocaine, 28 grams or more of cocaine base, and an unspecified amount of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 841(b)(1)(C), and 846 (Count One). *Id.*

On March 18, 2020, the grand jury returned a Superseding Indictment against defendant Hall and his remaining four co-defendants. The Superseding Indictment added an enhancement provision for co-defendant Kareem Swinton's prior federal narcotics conviction. Doc. 348. The charges against defendant Hall remained the same as in the original indictment. *Id.*

On October 6, 2020, the Court held a hearing regarding defendant Hall's motion to proceed *pro se* [Doc. 471, 485] and subsequently granted his request to

1

extend the deadline for pretrial motions [Doc. 498]. Through counsel, defendant Hall filed three pretrial motions.[1] Doc. 499, 506, 507. The Government filed an opposition to defendant Hall's pretrial motion filed through counsel on November 23, 2020. Doc. 521.

On November 19, 2020, defendant Hall filed a renewed motion to appoint counsel. Doc. 518. Thereafter, he filed four *pro se* pretrial motions on November 24, 2020. Doc. 524-527. Jury selection in this matter is presently scheduled for January 19, 2021. Doc. 435.

## ARGUMENT

Through *pro se* filings defendant Hall seeks dismissal of the conspiracy charge within Count One of the Superseding Indictment 1) based on a purported failure to carry a special assessment fee specific to Count One [Doc. 524]; 2) because conduct prohibited by 21 U.S.C. § 841 is a lesser-included offense of 21 U.S.C. § 846 [Doc. 525]; 3) based on an alleged failure of the charge to carry an independent penalty provision [Doc. 526]; and 4) because 21 U.S.C. § 841(a) does not charge conspiracy [Doc. 527]. The Government submits that each motion should be denied for reasons set forth below.

---

1 Attached to Doc. 507 are several motions that, based upon the October 6, 2020 hearing, appear to be *pro se* filings that the defendant's counsel has filed so that the motions can be preserved as part of the record but are not submitted to the Court for a ruling. Accordingly, the Government did not respond to the attachments in Doc. 507 and requested the opportunity to respond if the *pro se* motions were submitted to the Court for a ruling or the Court otherwise requested a response from the Government to *pro se* motions filed by a defendant represented by counsel.

2

## HYBRID REPRESENTATION SHOULD NOT BE PERMITTED AND THE PRO SE MOTIONS SHOULD BE DENIED AS PROCEDURALLY IMPROPER

In the motions filed at Docket 524-527, defendant Hall essentially seeks to have both the benefit of representation and the ability to represent himself. He, however, cannot have it both ways. *United States v. Ogbonna*, 184 F.3d 447, 449 & n. 1 (5th Cir. 1999) ("Unless specifically directed by court order, pro se motions, briefs, or other correspondence will not be filed by the party if represented by counsel); *see also* 28 U.S.C.A. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.").

While effective legal counsel is an essential right found in Sixth Amendment and right to appear *pro se* is guaranteed by statute, the two rights are disjunctive; a criminal defendant does not have an absolute right to both self-representation and the assistance of counsel. *United States v. Halbert*, 640 F.2d 1000, 1009 (9th Cir. 1981). Put simply, there is no right to hybrid representation, *i.e.*, partly by counsel and partly by himself. *United States v. Zielie*, 734 F.2d 1447, 1454 (11th Cir. 1984); *United States v. Daniels*, 572 F.2d 535, 540 (5th Cir. 1978); *United States v. Hill*, 526 F.2d 1019, 1024-25 (10th Cir. 1975). "Although a trial judge may in his discretion permit a party to enjoy both halves of the statutory right, Section 1654 does not itself confer any right to 'hybrid representation.' Thus, a party seeking to assert his statutory right of self-representation must clearly and unequivocally discharge any lawyer previously retained." *O'Reilly v.*

3

*New York Times Co.*, 692 F.2d 863, 868 (2d Cir. 1982) (internal citations omitted). Accordingly, the instant motions are an improper hybrid of attorney representation and *pro se* representation which should be dismissed.

### THE SUPERSEDING INDICTMENT PROPERLY CHARGES THE DEFENDANT WITH CONSPIRACY TO VIOLATE FEDERAL LAW

*A. The Charge*

In this matter, defendant Hall is charged with a single offense: conspiracy to possess with the intent to distribute and possess with the intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. Doc. 348. With respect to defendant Hall, the Superseding Indictment charges:

### COUNT ONE
(Conspiracy to Distribute, and to Possess With Intent to Distribute, Cocaine and Cocaine Base)

1.      From in or about April 2018 through on or about February 20, 2019, the exact dates being unknown to the Grand Jury, in the District of Connecticut and elsewhere, defendants KAREEM SWINTON, a.k.a. "K," *ROBERT GRANT HALL, a.k.a. "Chevy,"* SHAKERIA NEALY, a.k.a. "Sis," CLIVENS PIERRE, and ANDRE SMITH, a.k.a. "Dre," together with Harold Butler, a.k.a. "Haas," Edwin DeJesus, Joshua Glover, Lorenzo Grier, a.k.a "Toot," Joel Hall, a.k.a "Slugz," Georges Labonte, Jerrod Steele, and David Sullivan, a.k.a "D-Day," who are not named as defendants herein but were charged separately, and others known and unknown to the Grand Jury, did knowingly and intentionally conspire to violate the narcotics laws of the United States.

4

2.     It was a part and an object of the conspiracy that the defendants defendants KAREEM SWINTON, a.k.a. "K," *ROBERT GRANT HALL, a.k.a. "Chevy,"* SHAKERIA NEALY, a.k.a. "Sis," CLIVENS PIERRE, and ANDRE SMITH, a.k.a. "Dre," together with Harold Butler, a.k.a. "Haas," Edwin DeJesus, Joshua Glover, Lorenzo Grier, a.k.a "Toot," Joel Hall, a.k.a "Slugz," Georges Labonte, Jerrod Steele, and David Sullivan, a.k.a "D-Day," who are not named as defendants herein but were charged separately, together with others known and unknown to the Grand Jury, would distribute and possess with intent to distribute controlled substances, namely heroin, cocaine and cocaine base ("crack cocaine") in violation of Title 21, United States Code, Section 841(a)(1).

## QUANTITY OF COCAINE INVOLVED IN THE CONSPIRACY

3.     *Defendant ROBERT GRANT HALL, a.k.a. "Chevy,"* knew from his own conduct as a member of the narcotics conspiracy charged in Count One and from the reasonably foreseeable conduct of other members of the conspiracy that the conspiracy involved 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(B)(ii).

## QUANTITY OF COCAINE BASE INVOLVED IN THE CONSPIRACY

4.     *Defendants, ROBERT GRANT HALL, a.k.a. "Chevy,"* and ANDRE SMITH, a.k.a. "Dre," knew from their own conduct as members of the narcotics conspiracy charged in Count One and from the reasonably foreseeable conduct of other members of the conspiracy that the conspiracy involved 28 grams or more

of a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(B)(iii).

All in violation of Title 21, United States Code, Section 846.

Doc. 348 (emphasis added).

B. *Analysis*

i. *Special Assessment*

With respect to defendant Hall's argument regarding Count One and a special assessment fee, the Government submits that this argument lacks merit. 18 U.S.C. § 3013 provides in relevant part:

> (a) The court shall assess on any person convicted of an offense against the United States (2) in the case of a felony (A) the amount of $100 if the defendant is an individual.

18 U.S.C. § 3103.

As discussed above, defendant Hall is charged in Count One with a violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846, which is a felony offense as the maximum potential term of imprisonment if convicted exceeds one year. 21 U.S.C. § 841(b)(1)(B), 18 U.S.C. § 3559(a)(2). Thus, pursuant to 18 U.S.C. § 3013, defendant Hall, if convicted, will face a $100 special assessment fee, as he would if convicted of any other federal felony offense. Accordingly, defendant Hall's

6

argument that Section 846 as charged fails to include a penalty provision lacks merit and should be rejected by the Court.[2]

### ii. Lesser-Included

With respect to defendant Hall's argument regarding Count One as prohibited because Section 841 is a lesser-included offense of Section 846, the Government presumes defendant Hall means to argue that Section 841(b)(1)(C) is a lesser-included offense of Section 841(b)(1)(B), which is the charged penalty provision.[3] The Government agrees that Section 841(b)(1)(C) is a lesser-included offense of the charged penalty provision in this matter (Section 841(b)(1)(B)); this is not a basis for dismissal. Instead the parties would be entitled to request a lesser-included offense instruction at trial.

Federal Rule of Criminal Procedure 31(c)(1) provides that "[a] defendant may be found guilty of ... an offense necessarily included in the offense charged."

---

[2] The two cases cited by defendant Hall do not support his argument. In *United States v. Holmes*, 822 F.3d 481 (5th Cir. 1987), the Fifth Circuit found that a defendant convicted of a single count of contempt could not be sentenced to both fine and imprisonment because neither the statute prohibiting the conduct provided for both the imposition of imprisonment and a fine nor was the statute authorizing the alternative fine provision applicable. In *Ray v. United States*, 481 U.S. 736, 736 (1987), the Supreme Court determined that the Court of Appeals improperly applied the "so-called 'concurrent sentence doctrine'" to decline to review a second count of conviction when the district court imposed a $50 special assessment on each count and the defendant was not serving a concurrent sentence.

[3] To the extent defendant Hall's argument in this motion is a rehashing of his arguments concerning Section 846 requiring an independent penalty provision, the Government contends this argument lacks merit and is foreclosed by controlling precedent for the reasons set forth in Government prior filing [Doc. 521].

Fed. R. Crim. Pro. 31(c)(1). The Second Circuit has made clear that an "indictment need not charge the defendant with the lesser [included] offense in order for the trial court to submit that offense to the jury." *United States v. Dhinsa*, 243 F.3d 635, 674 (2d Cir. 2001).

In *Schmuck v. United States*, 489 U.S. 705 (1989), the Supreme Court explained that a court should apply an "elements" test to determine whether a lesser-included-offense instruction is proper under Rule 31(c). *See id.* at 716. Under this test, a party is entitled to a lesser-included offense instruction under federal law only if (1) the elements of the lesser offense are a subset of the elements of the charged offense, *see id.*; *United States v. Hourihan*, 66 F.3d 458, 464–65 (2d Cir.1995); and (2) the evidence at trial permits a rational jury to find the defendant guilty of the lesser offense and acquit him of the greater, *see Keeble v. United States*, 412 U.S. 205, 208 (1973).[4] Thus, a party is entitled to a lesser included offense instruction if: (1) the elements of the lesser offense are identical to part of the elements of the greater offense; (2) there is some evidence which would justify conviction of the lesser offense; and (3) the proof on the element or elements differentiating the two crimes is sufficiently in dispute so that the jury may consistently find the defendant innocent of the greater offense and guilty of the lesser included offense.

---

4 Based on this second required inquiry, there is no danger of double jeopardy as alleged by defendant Hall.

**Relevant to the instant matter, the penalty provision set forth in Section 841(b)(1)(C) is a lesser-included offense to the penalty provision contained in Section 841(b)(1)(B) as the elements overlap except for the quantity required to trigger Section 841(b)(1)(B).** *See e.g. United States v. Facen*, 812 F.3d 280, 283 n.1 (2d Cir. 2016) **(noting that a judgment of conviction under 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(C) is "in effect a lesser-included offense" of 21 U.S.C. § 841(b)(1)(B) "without a mandatory minimum sentence"). Thus, an instruction regarding a lesser-included offense on the single count against defendant Hall would be appropriate at trial. This is not a basis, however, for dismissal and defendant Hall's argument to the contrary should be rejected by the Court.[5]**

---

**5 The sole case cited by defendant Hall, *Rutledge v. United States*, 517 U.S. 292 (1996), found that conspiracy to distribute controlled substances is a lesser included offense of the continuing criminal enterprise offense, and thus, the defendant could not be convicted of both conspiracy to distribute controlled substance and continuing a criminal enterprise. This case is inapposite to the instant matter.**

**Here, defendant Hall is not charged with continuing a criminal enterprise. If a lesser-included instruction is given at trial in this matter, the jury would have three choices: 1) find the elements established for conspiracy as well as find that 500 grams or more of cocaine and/or 28 grams of cocaine base was reasonably foreseeable to defendant Hall so as to support the charged penalty provision in 841(b)(1)(B); 2) find the elements established for conspiracy as well as find that less than 500 grams of cocaine and less than 28 grams of cocaine base were reasonably foreseeable to defendant Hall so as to support the lesser-included penalty provision in 841(b)(1)(C); or 3) acquit of the sole charge based on the Government's failure to establish the necessary elements for conspiracy. There is no risk that the jury would find defendant Hall guilty of both penalty provisions, and thus, a lesser-included instruction would be appropriate.**

### iii. Sections 841(a) and 846

With respect to defendant Hall's argument regarding Section 846's purported failure to contain a penalty provision, as well as his argument for dismissal because Section 841(a) does not charge conspiracy, the Government asserts both arguments lack merit for the reasons discussed in its previous opposition. Doc. 521.[6]

For the foregoing reasons, the Government requests that, if the Court considers the *pro se* motions, that the Court deny the motions.

### CONCLUSION

For the reasons stated above, the Government requests that the Court either reject defendant Hall's *pro se* motions as improperly filed or deny defendant Hall's *pro se* pretrial motions as without merit.

                                                     Respectfully submitted,

                                                    JOHN H. DURHAM
                                                    UNITED STATES ATTORNEY

                                                    /s/
                                                    NATASHA M. FREISMUTH
                                                    ASSISTANT UNITED STATES ATTORNEY
                                                    FEDERAL BAR NO. PHV05772
                                                    157 CHURCH STREET, FLOOR 25
                                                    NEW HAVEN, CT 06510
                                                    203-821-3700

---

[6] The Government also notes that the cases cited by defendant Hall do not support his argument. *United States v. Smith*, 954 F.3d 446 (5th Cir. 2020) and *United States v. Harris*, No. 3:99-cr-264-4 (VAB), 2020 WL 132436 (D. Conn. January 13, 2020) both pertain to eligibility under the First Step Act, a statute that is not at issue here.

**CERTIFICATE OF SERVICE**

  I hereby certify that on December 2, 2020, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

           **/s/**
           _____
           **NATASHA M. FREISMUTH**
           **ASSISTANT UNITED STATES ATTORNEY**